

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

August 28, 1957

Honorable Jay A. Phillips
Chairman, Texas State Board
  of Public Accountancy
1810 Bank of the Southwest
  Building
Houston 2, Texas

Opinion No. WW-239

Re: Is the Texas State Board
of Public Accountancy
authorized to hold hear-
ings for the purpose of
initiating a complete
investigation as an
appropriate step of pro-
ceedings instituted for
the purpose of cancelling
or suspending any certifi-
cate or permit granted by
the Board?

Dear Mr. Phillips:

      Your letter for an opinion from this office poses
the question: Is the Texas State Board of Public Accountancy
authorized to hold hearings for the purpose of initiating a
complete investigation as an appropriate step of proceedings
instituted for the purpose of cancelling or suspending any
certificate or permit granted by the Board?

      We quote in part from your letter:

      "It has been the policy of the Board to
hold hearings when matters come to our attention
which we believe to be sufficiently important to
warrant a complete investigation.

      " . . . The Board has interpreted Section 23
of the Public Accountancy Act of 1945 to permit
hearings, and further, it considers hearings
simply an appropriate step in making investiga-
tions. . . .

      "When we have had hearings in the past, we
have sought to have witnesses appear to give
testimony in respect of their knowledge pertaining
to matters being inquired into. Also, at the
hearings we have invited the person complained of
to appear and such person has been permitted to have
his attorney with him. It is always explained to
the person complained of that he is not required to
testify under oath."

The Public Accountancy Act has been codified as Article 41a, Vernon's Civil Statutes and, insofar as this opinion is concerned, the pertinent parts of said Act provide as follows:

Section 4 establishes the Texas State Board of Public Accountancy.

Section 5. "The Board shall administer the provisions of this Act. The Board . . . may adopt such rules as it deems necessary for the orderly conduct of its affairs. The Board may promulgate, and may amend from time to time, rules of professional conduct appropriate to establish and maintain a high standard of integrity in the profession of public accountancy, after notice to all holders of valid permits to practice public accountancy in this state. . . ."

The notice sets forth the proposed rules, and/or amendments, and those receiving such notice vote upon the proposal. The Board then announces the results of the voting. The rule or amendment shall not be operative until approved by a majority of those voting.

Section 22. "The Board shall have the power to institute proceedings against any person holding a certificate or permit under this Act to revoke or suspend the certificate or permit of such person who shall be charged and found guilty of:

"(a) The practice of any fraud or deceit in obtaining a certificate or a permit;

"(b) Any gross negligence or misconduct in the practice of public accountancy;

"(c) Violation of any of the provisions of this Act or any of the rules or regulations promulgated by the Board."

Hearings or investigations by administrative agencies are generally incidental to their functioning; they are modes of arriving at the facts of a case. 1 Tex. Jur. Sup. 111, Administrative Law and Procedure, Sec. 27.

In many situations the exercise or performance of a statutory power or duty by an agency is dependent upon the existence or non-existence of certain facts, and it is plainly necessary that the agency first ascertain whether

the requisite facts exist in order that it may thereafter take such action as may be proper, in the light of the facts, to effectuate the purposes of the statute which it is charged to administer.  1 Tex. Jur. Sup. 113, Administrative Law and Procedure, Sec. 30.

Under Article 41a, Vernon's Civil Statutes, supra, the Texas State Board of Public Accountancy is charged with the administration of said Act.  It is the duty of the Board to determine for itself whether it shall request the Attorney General to file suit, in the name of the Board as plaintiff, against the person complained of as defendant, for the purpose of cancelling or suspending said person's certificate or permit to practice accountancy in Texas.

In order that the Board may arrive at a satisfactory determination of the need for a lawsuit to be filed by the Attorney General upon request of the Board, the Board must be adequately apprised of the facts concerning the case under study.  The hearings are either investigatory or designed to permit persons who may not have been reached in a previous process of consultation and conference to come forward with evidence.  The purpose is not to try a case, but to enlighten the Board, and to protect the private interests against uninformed and unwise action.

Accordingly you are advised that the Texas State Board of Public Accountancy is authorized to hold hearings in connection with its investigation as to whether proceedings should be instituted for the purpose of cancelling or suspending any certificate or permit granted by the Board.

SUMMARY

The Texas State Board of Public
Accountancy is authorized to
hold hearings in connection with
its investigation as to whether
proceedings should be instituted
for the purpose of cancelling or
suspending any certificate or

permit granted by the Board.

Very truly yours,

WILL WILSON
Attorney General of Texas

By   *Marvin R Thomas Jr*

Marvin R. Thomas, Jr.
Assistant

MRT:jl

APPROVED:

OPINION COMMITTEE:

H. Grady Chandler, Chairman

Mary Kate Wall

Wm. R. Hemphill

Roger Daily

REVIEWED FOR THE ATTORNEY GENERAL
BY:

    Geo. P. Blackburn